1  JAMES W. SOONG, Cal. Bar No. 196092
   JSoong@SheppardMullin.com
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   379 Lytton Avenue
3  Palo Alto, CA 94301-1479
   Telephone: 650.815.2600
4  Facsimile: 650.815.2601

5  LAURA L. CHAPMAN, Cal. Bar No. 167249
   LChapman@SheppardMullin.com
6  LAI L. YIP, Cal. Bar No. 258029
   LYip@SheppardMullin.com
7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   Four Embarcadero Center, 17th Floor
8  San Francisco, CA 94111-4109
   Telephone: 415.434.9100
9  Facsimile: 415.434.3947

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

[DIVISION TO BE ASSIGNED]

| | |
|---|---|
| COMPUTER SCIENCES CORPORATION, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALAN RAZAVI, an individual, VAHID RAZAVI, an individual, BIZCLOUD, INC., a Wyoming Corporation, ZIPBUSINESS, a California Corporation, and DOES 1 – 10.<br><br>Defendants. | Civil Action No. _____<br><br>COMPLAINT FOR: (1) DECLARATORY JUDGMENT OF TRADEMARK NONINFRINGEMENT; (2) DECLARATORY JUDGMENT THAT ALLEGED MARK IS MERELY DESCRIPTIVE AS TO DEFENDANT'S SERVICES AND LACKS SECONDARY MEANING; AND (3) CANCELLATION OF FEDERAL TRADEMARK REGISTRATION<br><br>**JURY DEMAND** |

Plaintiff Computer Sciences Corporation ("Plaintiff CSC"), for its Complaint herein, alleges as follows:

**NATURE OF ACTION**

1. This is an action for declaratory judgment arising under the Federal Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202) and for cancellation of a federal trademark registration under the federal Trademark Act (the "Lanham

Act") (15 U.S.C. §§ 1051 *et seq.*).  Plaintiff CSC seeks all appropriate equitable and legal relief, including but not limited to injunctive and monetary relief.

## THE PARTIES

2. Plaintiff CSC is a Nevada corporation with its principal place of business in Falls Church, Virginia.

3. Plaintiff CSC is informed and believes, and on that basis alleges, that Defendant BizCloud, Inc. ("Defendant BCI") is a Wyoming corporation whose status in Wyoming has been "Inactive – Administratively Dissolved" since on or about August 29, 2013 and continuing to the present time.  Plaintiff CSC is informed and believes, and on that basis alleges, that Defendant BCI's principal place of business is or was in California and that it has solicited and conducted business over the Internet and in this judicial district, and has engaged in the acts alleged in this Complaint in this judicial district.

4. Plaintiff CSC is informed and believes, and on that basis alleges, that Defendant ZipBusiness ("Defendant ZB") is a California corporation with a principal place of business in California and in this judicial district and has solicited and conducted business in this judicial district, and has engaged in the acts alleged in this Complaint in this judicial district.

5. Plaintiff CSC is informed and believes, and on that basis alleges, that Defendants Alan Razavi and Vahid Razavi are, were or have been at all or various relevant times the chief executive officer of Defendant BCI, are individuals who are citizens of California and reside in this judicial district, and at all material times relevant herein were acting as the alter egos of Defendant BCI and Defendant ZB, directed their actions and are responsible for their wrongdoings as alleged herein.

6. Plaintiff CSC is ignorant of the true names and capacities of defendants sued as Does 1 through 10, inclusive and therefore sues these

defendants by such fictitious names.  Plaintiff CSC will amend this Complaint to allege their names and capacities when they have been ascertained.

7. On information and belief, each of the fictitiously named defendants is at all relevant times responsible in some manner for the occurrences alleged in this Complaint.  Their alleged acts and/or omissions are a direct and proximate cause of Plaintiff CSC's injuries.

8. Plaintiff CSC is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and employees of all other defendants, and all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization, and ratification of their co-defendants.

## FACTUAL ALLEGATIONS

9. Plaintiff CSC is a global leader in providing technology-enabled solutions and services for large businesses.  Plaintiff CSC has approximately 81,000 professionals that serve clients in more than 70 countries.

10. Many different companies provide cloud computing services and technology.  A search on Google.com for "cloud computing" results in hundreds of millions of results.  A search on Google.com for the word "cloud" by itself results in hundreds of millions of results, many of which involve computing services.

11. Plaintiff CSC has used "CSC BizCloud" and "BizCloud" in connection with cloud computing services offered to large companies.  The BizCloud service that is offered by Plaintiff CSC includes a secure, client-exclusive enterprise private cloud.  The CSC BizCloud service provides a cloud solution when a client has regulatory, compliance or latency concerns and

-3-

provides clients a solution for workloads that require additional security and when data and applications need to be kept close to the enterprise. CSC's BizCloud service features elasticity, as it allows clients to expand and reduce private cloud computing resources according to their business needs. Plaintiff CSC markets and sells the CSC BizCloud technology and services to large companies along with other partners that provide their own complementary offerings.

12. Plaintiff CSC is informed and believes, and on that basis alleges, that Defendant BCI or Defendant ZB (or both) offers and provides advertising, promotion, marketing and business consulting services to small businesses from a cloud. Defendant BCI or Defendant ZB (or both) has described itself in advertising and promotion to prospective clients as "the small business cloud computing company." Use of BIZCLOUD by Defendant BCI or Defendant ZB (or both) is merely descriptive of its business as "the small business cloud computing company" and the cloud computing services it allegedly provides to other businesses.

13. Defendant BCI and Defendant ZB have not developed secondary meaning in BIZCLOUD. Their use of BIZCLOUD is not associated with services and technology provided by Defendant BCI and Defendant ZB.

14. Plaintiff CSC is informed and believes, and on that basis alleges, that Defendant ZB obtained U.S. Trademark Registration No. 3910486 for BIZCLOUD in Class 35 for "Advertising and advertisement, promotion and marketing services on behalf of others; online promotion of business opportunities and business networking services; providing telephone directory information via the Internet; providing business information in the nature of providing information on business opportunities and information and reports on existing business entities; business consulting; providing an online interactive website obtaining users comments concerning business services; providing an

-4-

1  interactive website featuring business advice and business information in the form
2  of video interviews." Defendant ZB alleged that the date of first use was
3  December 1, 2008. The date of the registration obtained by Defendant ZB is
4  January 25, 2011.

5      15.  In early February of 2011, Plaintiff CSC received a letter purportedly
6  from Defendant Alan Razavi, dated February 3, 2011, claiming alleged trademark
7  rights in BIZCLOUD and demanding that Plaintiff CSC cease and desist using
8  "BizCloud."

9      16.  Plaintiff CSC disputed Defendants' claim of infringement and
10 informed Defendant Alan Razavi of its position. On or about February 18, 2011,
11 Plaintiff CSC sent a letter to Defendant Alan Razavi and Defendant ZB,
12 explaining why Plaintiff CSC's use of "BizCloud" was and is proper, and does
13 not infringe Defendant's alleged trademark.

14     17.  On or about March 15, 2011, Defendant Alan Razavi signed a letter
15 addressed to Plaintiff CSC, threatening Plaintiff CSC with "negative
16 consequences" and emphasizing that damages were accruing in his favor.

17     18.  Plaintiff CSC is informed and believes, and on that basis alleges, that
18 Defendant ZB purported to assign its rights in and to U.S. Trademark Registration
19 No. 3910486 for BIZCLOUD in Class 35 to Defendant BCI on November 12,
20 2013. At that time, Defendant BCI was administratively dissolved by the state of
21 Wyoming and therefore, pursuant to the Wyoming Business Corporation Act,
22 Wy. Stat. 17-16-1421(c), was not permitted to accept assignment of U.S.
23 Trademark Registration No. 3910486.

24     19.  Plaintiff CSC is informed and believes, and on that basis alleges that,
25 on or about December 5, 2013 when Defendant BCI was dissolved, at the
26 direction of Defendant Alan Razavi, Defendant Vahid Razavi and/or Defendant
27 BCI, legal counsel for Defendants sent a letter to Plaintiff CSC and to four of
28 Plaintiff CSC's partners who market and sell offerings that complement CSC's

1  BizCloud services and technology.  The December 5, 2013 letter demanded that
2  Plaintiff CSC and those partners of Plaintiff CSC cease and desist using
3  "BizCloud."  The December 5, 2013 letter further alleged that Plaintiff CSC and
4  those partners infringe Defendant BCI's alleged BIZCLOUD trademark, that
5  Defendant BCI is entitled to recover money for the alleged infringement and that
6  Defendant BCI will file a lawsuit against Plaintiff CSC and those partners if they,
7  including Plaintiff CSC, do not pay "a reasonable settlement to BizCloud for
8  approximately three full years of use of BizCloud's registered mark in the cloud
9  computing space."  The letter enclosed a draft complaint against Plaintiff CSC
10 and its partners and states that Defendant BCI will "file the attached complaint to
11 recover profits" of Plaintiff CSC and those partners.

## JURISDICTION AND VENUE

20. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 *et seq.,* the Lanham Act, 15 U.S.C. §§ 1052, 1064 and 1119 and the common law.

21. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, 15 U.S.C. § 1119, and 28 U.S.C. §§ 1331, 1338 and 1367.

22. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) or (c) in that, on information and belief, Defendants reside in this judicial district, have done business in this district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this judicial district.

23. Plaintiff CSC is informed and believes, and on that basis alleges, that Defendants BCI, ZB, Alan Razavi and Vahid Razavi are subject to the personal jurisdiction of this Court and are amenable to service of process.

## INTRADISTRICT ASSIGNMENT

24. Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT OF TRADEMARK NONINFRINGEMENT**
**UNDER 28 U.S.C. §§ 2201 AND 2202** *et seq.*
**AGAINST ALL DEFENDANTS**

25. Plaintiff CSC repeats and realleges each of the allegations contained in paragraph numbers 1 through 24 of this Complaint, as if fully set forth herein.

26. A dispute has now arisen between the parties, and an actual and justiciable controversy exists, in that Defendant BCI asserts, and Plaintiff CSC denies, that Plaintiff CSC's use of "BizCloud" infringes alleged trademark rights of Defendant BCI or Defendant ZB.

27. Plaintiff CSC requests a declaration and judicial determination by this Court that Plaintiff CSC's use of "BizCloud" does not infringe any alleged trademark right of Defendants.

28. Plaintiff CSC has no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

**SECOND CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT THAT THE ALLEGED MARK IS MERELY DESCRIPTIVE AS TO DEFENDANTS' SERVICES AND LACKS SECONDARY MEANING**
**UNDER 28 U.S.C. §§ 2201 AND 2202** *et seq.*
**AGAINST ALL DEFENDANTS**

29. Plaintiff CSC repeats and realleges each of the allegations contained in paragraph numbers 1 through 28 of this Complaint, as if fully set forth herein.

30. A dispute has now arisen between the parties, and an actual and justiciable controversy exists, in that Defendant BCI asserts, and Plaintiff CSC denies, that Defendant BCI has alleged trademark rights in BIZCLOUD.

31. Plaintiff CSC requests a declaration and judicial determination by this Court that the alleged mark BIZCLOUD as used by Defendant BCI or Defendant ZB is merely descriptive of Defendant BCI or Defendant ZB's business and its offerings of cloud computing services for businesses.

32. Plaintiff CSC further requests a declaration and judicial determination by this Court that Defendant BCI and Defendant ZB have not developed secondary meaning in BIZCLOUD and that Defendant BCI and Defendant ZB's use of BIZCLOUD is not associated with offerings provided by Defendants.

### THIRD CLAIM FOR RELIEF
### CANCELLATION OF FEDERAL TRADEMARK REGISTRATION UNDER 15 U.S.C. § 1064
### AGAINST ALL DEFENDANTS

33. Plaintiff CSC repeats and realleges each of the allegations contained in paragraph numbers 1 through 32 of this Complaint, as if fully set forth herein.

34. Defendant ZB's purported assignment of U.S. Trademark Registration No. 3910486 to Defendant BCI was without effect, null and void because Defendant BCI's corporate status was dissolved at the time of the purported assignment.

35. The alleged mark BIZCLOUD as used by Defendant BCI and Defendant ZB is merely descriptive of Defendant BCI and Defendant ZB's businesses and their offerings of cloud computing services.

36. Defendant BCI and Defendant ZB have not developed secondary meaning in BIZCLOUD. Their use of BIZCLOUD is not associated with offerings provided by Defendant BCI and Defendant ZB.

37. U.S. Trademark Registration No. 3910486, whether held by Defendant ZB or Defendant BCI is invalid and unenforceable, and should be cancelled because the significance of the alleged mark to the consuming public is merely descriptive with respect to the services of Defendant BCI and Defendant ZB and Defendant BCI and Defendant ZB have not established and cannot establish secondary meaning.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CSC respectfully demands judgment as follows:

38. A declaratory judgment that Plaintiff CSC's use of "BizCloud" does not infringe any alleged trademark right of Defendants;

39. A declaratory judgment that BIZCLOUD as used by Defendant BCI and Defendant ZB is merely descriptive and lacks secondary meaning and that, as a result, Defendant BCI and Defendant ZB have no trademark rights in BIZCLOUD;

40. An order to the U.S. Patent and Trademark Office cancelling U.S. Trademark Registration No. 3910486 for the alleged mark BIZCLOUD;

41. That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff CSC under the Lanham Act or as otherwise provided by law;

42. For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

43. For equitable relief enjoining Defendants from contacting Plaintiff CSC's business partners to accuse them of trademark infringement relating to use of "BizCloud";

44. That Defendants be ordered to pay to Plaintiff CSC pre-judgment and post-judgment interest on all sums allowed by law;

45. That Defendants be ordered to pay to Plaintiff CSC its costs incurred in this action;

46. That Plaintiff CSC has such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CSC demands a trial by jury as to all issues so triable.

SMRH:415115056.1 COMPLAINT

1  Dated this 30th day of December, 2013.

2

3  Respectfully submitted,

4  SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

5
   By:  _____/s/_____
6  JAMES W. SOONG
   LAURA L. CHAPMAN
7  LAI L. YIP
   Attorneys for Plaintiff
8  COMPUTER SCIENCES CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28